IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRUSTEES OF MARION KINGDOM HALL OF JEHOVAH'S WITNESSES, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CIVIL NO. 08-480-GPM ) |
| CITY OF MARION and KARCO RECYCLING, LLC f/k/a Karsten Metal Industries, LLC, | ) ) ) ) |
| Defendants. | ) ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on a motion to dismiss brought by Defendant City of Marion pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) (Doc. 6). For its part, Defendant Karco Recycling moves for summary judgment or in the alternative to dismiss the action. Plaintiffs ("the Trustees") have not filed a response, and their time to respond has expired.[1]

## I. Background

In their complaint, Plaintiffs challenge certain zoning decisions taken by the City of Marion with regard to property owned by Karco Recycling which is adjacent to property owned by the Trustees. Although this case was removed from Williamson County, Illinois, the Court is familiar with Plaintiffs' claims because of a complaint filed in this Court in July 2007 (*see* 07-530-GPM), against the same Defendants alleging the same claims. The Court entered an Order in December

---

[1] Pursuant to Local Rule 7.1(c), Plaintiffs' failure to file a responsive brief may be considered an admission of the merits of the motion.

2007 (*see* Doc. 27 in Cause No. 07-530-GPM) dismissing the case without prejudice for lack of subject matter jurisdiction because the federal claims (the jurisdictional hook) were not ripe; the Trustees had not exhausted their available state remedies. Actually, they completely ignored all state procedures and came straight to this Court, United States Constitution in hand. This strategy had no chance of success for the reasons detailed in the Court's December 2007 Order.

Inexplicably, Plaintiffs then filed an almost identical complaint in state court which included the original federal constitutional claims previously determined to be not ripe for adjudication. The only difference in the new complaint is an additional state claim for violation of the Illinois Open Meetings Act, 5 ILCS 120/1, *et seq*.

## II. Analysis

As the Court carefully explained in its 26-page order dismissing the original case, the Plaintiffs' federal claims are not ripe. This is the law of the case. Nothing has changed since that order was issued. Plaintiffs have not exhausted their state remedies.[2]

The special restrictions on ripeness in federal challenges to local land use regulation are prudential rather than grounded in Article III. The Supreme Court decided that this type of litigation must start and run its course in local administrative bodies and local courts before a constitutional challenge even gets a start. This distinction is important because counsel might think this Court is doomed to forever chase its tail in this unusual situation: (1) No jurisdiction - not ripe; (2) Remand of supplemental claims follow; (3) Not ripe federal claim reasserted again in state court; (4) Second

---

[2] The Court notes that Plaintiffs do not allege in their complaint that they have exhausted state remedies. The Court also notes that since Plaintiffs have not responded to the City of Marion's motion to dismiss in which the City asserts that Plaintiffs have failed to do so, the Court may deem this as an admission. *See* Local Rule 7.1(c).

removal ....

But this Court is satisfied that it can and should exercise jurisdiction to bring this entire matter to an end. There is no statutory or constitutional limitation on a district court's jurisdiction to pass on what are clearly federal claims. These particular claims are not ripe nor will they ever be for the simple reason that Plaintiffs refuse to accede to the authority of this Court. The state claims are barred by the applicable state and local statutes of limitation which were simply ignored. In this unusual circumstance, what would ordinarily be a dismissal without prejudice based on lack of ripeness – expressed as lack of subject matter jurisdiction – is by Plaintiffs' actions transmuted into a decision on the merits. This is actually a mercy killing. Finally, the Court sees no need to do what Plaintiffs failed to do for themselves, which is create an argument as to the state claims from which they might benefit.

### III. Conclusion

All of the underlying state claims are forever barred for the reasons stated in Defendants' papers. Plaintiffs have admitted this is so by failing to comply with Local Rule 7.1(c). The federal claims are not ripe, and they will never be. All pending motions (Docs. 6, 10) are **GRANTED**, and all claims are **DISMISSED with prejudice**. The Court, unlike the first time around, will enter judgment.

DATED: 9/17/08

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge